**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50121 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03265-JAH-7 |
| v. | |
| MIKE WASELESKI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Mike Waseleski appeals his jury conviction for conspiracy to commit an

offense against the United States, in violation of 18 U.S.C. § 371. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Waseleski argues that the government failed to prove the existence of the single conspiracy alleged in the indictment, and that he suffered prejudice as a result of the variance between the conspiracy alleged in the indictment and the government's proof at trial. We conclude that the evidence, taken in the light most favorable to the government, was sufficient for the jury to find the existence of a single conspiracy. *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999).

First, there was substantial evidence "that an overall agreement existed among the conspirators." *United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984). For the duration of the card-cheating scheme, the same key members of the Tran Organization recruited and trained dealers from casinos to participate in their venture, played card games at cooperating dealers' tables when these dealers executed the false shuffle, and utilized this technique to track cards and make winning bets. *Duran*, 189 F.3d at 1080 (explaining that "the inference of an overall agreement is drawn from proof of a single objective . . . or from proof that the key participants and the method of operation remained constant throughout the conspiracy.").

Next, the evidence supports the finding that Waseleski "knew, or had reason to know, . . . that his benefits were probably dependent upon the success of the entire operation." *Id.* (quoting *United States v. Kearney*, 560 F.2d 1358, 1362 (9th

2

Cir. 1977)). Phuong Quoc Truong told Waseleski that Truong had cheated many other casinos. Truong also paid Waseleski before Waseleski had even performed the false shuffle at the casino where he worked. Moreover, Waseleski met many of the key members of the card-cheating scheme; he knew there was another cooperating dealer at his casino; he was paid for performing the false shuffle and enabling members of the Tran Organization to win at his table; and he received payments from Truong even when he did not execute the false shuffle. *Id.* ("The inference that a defendant had reason to believe that his benefits were dependent upon the success of the entire venture may be drawn from proof that the co-conspirators knew of each other's participation or actually benefitted from the activities of his co-conspirators.").

Even assuming there was a variance between the conspiracy alleged in the indictment and the proof at trial, Waseleski suffered no prejudice. *Id.* at 1081. He was tried alone and the jury could have easily compartmentalized the discrete acts in which he was involved into a smaller conspiracy. *Id.*; *United States v. Anguiano*, 873 F.2d 1314, 1318 (9th Cir. 1989). The jury did not therefore return a vague verdict. Venue was proper in the Southern District of California because Waseleski and his co-conspirators committed overt acts in furtherance of the

conspiracy involving Waseleski's casino in San Diego, California.

**AFFIRMED.**